THE FREDONIA GAS COMPANY V. A. W. BAILEY *et al.,*
*as Partners, etc.*

No. 15,383. (94 Pac. 258.)

SYLLABUS BY THE COURT.

1. DAMAGES—*Breach of Contract—Anticipated Profits.* Anticipated profits may be allowed as damages upon the breach of a contract, where the business undertaken is not new or untried, and has been established to such an extent that a safe basis can be found upon which to estimate such profits with reasonable certainty.

2. ———— *Expert Testimony—Cost of Drilling Wells.* In an action by the contractor for damages for breach of a contract to drill gas-wells the testimony of witnesses who have had experience in drilling gas-wells upon the same farm, and other wells in the vicinity, where the strata appear to be the same and the conditions similar, is competent to show the cost of doing the work contracted for and prevented by the owner.

Error from Wilson district court; LEANDER STILL-WELL, judge.   Opinion filed February 8, 1908.   Affirmed.

*S. S. Kirkpatrick,* for plaintiff in error.

*P. C. Young,* for defendants in error.

The opinion of the court was delivered by

BENSON, J.:   Bailey & Kammerer agreed to drill six gas-wells for the Fredonia Gas Company, for which they were to receive eighty cents per foot.   After drilling three wells the company ordered the work stopped. Bailey & Kammerer sued for damages arising from the breach of this agreement.   A demurrer to the petition was overruled.   An issue of fact was then made up, and tried by a jury.   The plaintiffs having recovered, the company alleges error.   It is argued that the petition was insufficient because the damages claimed were speculative, and that the evidence was insufficient for the same reason.

The petition alleged the making of the agreement, the readiness of the plaintiffs to perform, the breach by the defendant, and an averment of damages.   A cause of action was stated, and the demurrer was properly overruled.

All the wells contracted for were to be on the same farm, and near together.   Many wells had been drilled in the vicinity, and the average depth to the gas-sand was shown.   The evidence tended to show that the average cost of drilling such wells was forty to fifty cents per foot in that vicinity; that contracts for such work must be taken some time in advance; and that when this drilling was stopped no other work of the kind was immediately available.   Witnesses of experience in such business were examined touching the probable cost of drilling such wells, who took into consideration the strata on that farm and in the vicinity, the liability to delay from accidents, and other conditions.

The court instructed the jury that the plaintiffs, if entitled to recover, should be allowed the reasonable profits that the drilling of these three wells would have afforded if the plaintiffs had been allowed to complete the contract, and that in determining these profits they should deduct from the contract price the reasonable cost and expense of the work to be done. The verdict was within the evidence, if the evidence afforded a proper basis for damages.

The defendant contends that damages in such cases are too uncertain and speculative; that the elements of profits and losses are so many and varying, such as the loss of time and labor, the breakage of machinery, the effects of storms, and other kindred difficulties, that no reasonably certain estimation can be made, and hence that there should be no recovery. This court has said:

"Damages for anticipated profits recoverable upon breach of a contract must be established with a reasonable degree of certainty, must be the natural and proximate consequence of the breach, and be free from conjecture and speculation.

"Damages that are speculative, remote or contingent cannot form the basis of a recovery for the breach of a contract." (*Railway Co. v. Thomas,* 70 Kan. 409 [Syllabus], 78 Pac. 861.)

In the opinion in that case it was observed:

"No fixed rule can be laid down which, when applied to the facts of a case involving damages for anticipated profits, will determine whether a recovery may or may not be had. Each case must be determined upon the facts peculiar to itself." (Page 416.)

In that case the railway company had given the right to Thomas to sell watches of a certain standard to its employees, the company to aid him in collecting the pay therefor. It was held that the damages claimed were too speculative. The company had not guaranteed the sale of any particular number of watches, and the profits depended not only on the cost of purchasing and handling the watches but upon the number that might

be purchased by customers. Here there was a definite agreement to drill a certain number of wells at a fixed price; the element of uncertainty was the cost of doing the work.

Where the business upon which profits are claimed is not new or untried, but has been established and carried on to such an extent that a safe basis can be found, the anticipated profits thereof, if shown with reasonable certainty, may be allowed. In this case the experience of the witnesses in drilling wells in the same vicinity, where the conditions were the same, covering a considerable period of time, afforded a reasonable basis upon which they might estimate the cost and expense of drilling the wells, taking into consideration the vicissitudes of the business as usually carried on. Absolute certainty was not possible, but reasonable estimates, it seems, could be and were made, upon which the jury awarded damages. Recoveries have been allowed for gains prevented by the wrongful seizure of cattle, based upon their anticipated continued feeding and growth. (*Hoge v. Norton,* 22 Kan. 374.) In another case the reasonable anticipated profits arising from the use of cows not furnished as agreed were allowed. The court said:

"We have no doubt but that the experience of dairymen can furnish estimates of the profits of cows kept for that purpose, that can be relied upon with the same degree of certainty that attends the result of all other ordinary business transactions of life." (*Brown v. Hadley,* 43 Kan. 267, 273, 23 Pac. 492.)

Where a merchant was induced to move his stock and business to a new town upon certain considerations, which failed, it was held that the jury might take into consideration the loss of profits in the business so broken up in awarding damages. (*Town Co. v. Lincoln,* 56 Kan. 145, 42 Pac. 706.) Where shocked corn was purchased to be fed to cattle and was wrongfully destroyed by the vendor, at a time when such feed could not be obtained in the vicinity, the wrong-doer was

held liable, not only for the property destroyed, but for the loss resulting from the failure of growth and the shrinkage in weight of the cattle because they were deprived of the corn and the owners were compelled to put them upon straw and other fodder as a substitute. The shrinkage and loss were estimated and testified to by witnesses accustomed to feeding cattle, and this testimony was held to be competent evidence to prove damages. (*Enlow v. Hawkins,* 71 Kan. 633, 81 Pac. 189.) The foregoing cases, except the last, were reviewed in *Railway Co. v. Thomas,* 70 Kan. 409, 78 Pac. 861, and the distinction pointed out.

We think this case falls within the rule allowing anticipated profits, as declared in these decisions; that the testimony was competent to prove such damages, and that the instructions of the court were proper and the verdict reasonable. The judgment is therefore affirmed.