(November 28, 1910.)

CHICAGO, MILWAUKEE & ST. PAUL RY. CO. OF IDAHO, a Corporation, Appellant, v. WILLIAM TRUEMAN and ANNIE M. TRUEMAN, His Wife, and ALBERT WUNDERLICH and MILDRED WUNDERLICH, His Wife, Respondents.

[112 Pac. 210.]

CONDEMNATION PROCEEDING—AWARD OF DAMAGES—AWARD BY COMMISSIONERS—DISMISSAL OF PROCEEDING—COSTS.

(Syllabus by the court.)

1. Sec. 5228 of the Revised Codes, which is a part of the title on eminent domain, makes the general provisions of the Code relative to "civil actions" applicable to proceedings under the eminent domain title, except as otherwise specially provided; and sec. 4354 of the Rev. Codes dealing with actions generally, provides that, "An action may be dismissed or a judgment of nonsuit entered . . . . by the plaintiff himself, at any time before trial, upon the payment of costs: Provided, a counterclaim has not been made or affirmative relief sought by the cross-complaint or answer of defendant"; *held,* that the latter section is applicable to actions and proceedings in eminent domain and authorizes the plaintiff to dismiss an action in condemnation after the filing of a report by commissioners appointed to award the damages or at any time before trial.

2. A dismissal of an action as authorized by subd. 1 of sec. 4354, Rev. Codes, "is made by an entry in the clerk's register."

3. By the provisions of sec. 5227, Rev. Codes, costs in eminent domain cases "may be allowed or not, and if allowed may be apportioned between the parties on the same or adverse sides in the discretion of the court"; *held,* that where a plaintiff commences an action in condemnation and procures the appointment of commissioners and has a hearing, and the commissioners make an award and file their findings and report, and the plaintiff refuses to pay the award and thereafter dismisses the action, all costs usually taxed in civil actions should be taxed against the plaintiff, and that it would be an abuse of discretion not to do so under such circumstances, and that the provisions of the general statute relative to costs in "civil actions" would apply in such case.

4. Where a plaintiff in condemnation has, subsequent to the filing of the report of the commissioners appointed to assess the damages, dismissed the action under the provisions of subd. 1, sec. 4354, the defendants must file their memorandum of costs within five days after notice of the dismissal as provided by sec. 4912 of the Rev. Codes.

APPEAL from the District Court of the Eighth Judicial District, in and for the County of Kootenai. Hon. Robert N. Dunn, Judge.

Proceeding in condemnation. Judgment on findings and report of commissioners and award of damages. From decree and judgment and order refusing to vacate decree and judgment plaintiff appealed. *Reversed.*

J. L. McClear, Edwin McBee, and F. M. Dudley, for Appellant.

The claim for costs incurred in the proceedings before the commissioners is untenable. (5 Ency. P. & P. 110, and cases cited.) There is no statutory authority for charging witness fees or other expenses as costs in proceedings before commissioners appointed in a condemnation proceeding. (Secs. 5227, 6139, Rev. Codes.)

In *McCready v. Rio Grande W. Ry. Co.,* 30 Utah, 1, 83 Pac. 331, 8 Ann. Cas. 732, the supreme court of Utah, construing sections of the Utah statute relating to costs, identical with secs. 5227 and 5228, Idaho Rev. Codes, held that the term "costs" includes only such costs and fees as are fixed and regu-

lated by statute. (*Bergman v. St. P. etc. R. Co.*, 21 Minn. 533, 534; *City of St. Louis v. Menitz*, 107 Mo. 611, 18 S. W. 30.)

The witnesses before the eminent domain commissioners were not "witnesses in civil actions in the district court or before any referee"; neither were they witnesses before a "commissioner thereof," within the meaning of sec. 6139. The attendance of witnesses before such forum is purely a matter of grace or favor from the witness to the one party or to the other. (*San Jose etc. R. Co. v. Mayne*, 83 Cal. 566, 23 Pac. 522.)

If, as respondents contend, the commissioners' report was a verdict or decision, then under sec. 4912 the cost bill should have been filed and served within five days after the making of the award, and the respondents, having failed to file such cost bill, waived all claim for such costs, even if a valid claim would otherwise have existed. (*Cantwell v. McPherson*, 3 Ida. 321, 29 Pac. 102.)

"In the absence of statutory provisions on the question, the effect of proceedings for condemnation is simply to fix the price at which the party condemning can take the property sought, and that even after confirmation or judgment the purpose of taking the property may be abandoned without incurring any liability to pay the damages awarded." (2 Lewis, Eminent Domain, 3d ed., sec. 955; 7 Ency. of P. & P. 674; 15 Cyc. 935; *O'Neill v. Freeholders of Hudson*, 41 N. J. L. 161, 172; *Pool v. Butler*, 141 Cal. 46, 74 Pac. 444; *Denver etc. R. Co. v. Lamborn*, 8 Colo. 380, 8 Pac. 582; *Blackshire v. A. T. & S. F. R. Co.*, 13 Kan. 514; *Chicago v. Hayward*, 176 Ill. 130, 52 N. E. 26; *Manion v. Louisville etc. R. Co.*, 90 Ky. 491, 14 S. W. 532, 533; *Matter of Rhinebeck & C. R. Co.*, 67 N. Y. 243; *St. L. & G. Ry. Co. v. C. G. & T. etc. Ry.*, 126 Mo. App. 272, 102 S. W. 1042; *United States v. Dickson*, 127 Fed. 774.)

The service and filing of the praecipe for the dismissal of the proceedings was a sufficient manifestation of appellant's purpose to abandon and discontinue the same. (2 Lewis, Eminent Domain, 3d ed., sec. 956.)

Aside from the discontinuance and abandonment of this proceeding, the court was without jurisdiction to enter the

so-called judgment and decree of appropriation, for the reason that there had been no trial or judicial determination of the damages. Sec. 5215, Rev. Codes, provides that ''all proceedings under this title must be brought in the district court.''

The powers conferred by sec. 5219 are, in express terms, conferred upon the ''court.'' By the provisions of sec. 5220 the testimony is to be heard, and the damages assessed, by ''the court, jury or referee.'' Upon the verdict of the jury, or the finding of the court or referee, if a jury be waived, the court is to enter a ''final judgment.'' (Sec. 5223, Rev. Codes; *Cal. So. Ry. Co. v. S. P. Ry. Co.*, 67 Cal. 59, 7 Pac. 123, 125, 126.)

Ezra R. Whitla, and Charles L. Heitman, for Respondents.

The statutes of this state provide for the dismissal of certain actions upon the payment of costs, but as the plaintiff admits in this action that it has not paid the costs, it cannot claim the right to dismiss. If it should claim the right to dismiss other than under the statutory proceedings, the only way this can be done is, as shown in the cases cited by the appellant itself, by making application to the court and securing an order therefor. (*Grunert v. Speich,* 114 Wis. 355, 89 N. W. 496.)

''The dismissal of civil actions in the district court is in the nature of a judgment and necessarily requires an order of the court therefor.'' (*State v. Ludwig,* 106 Wis. 226, 82 N. W. 158; *Allen v. Dodson,* 39 Kan. 220, 17 Pac. 667; *Haskell v. Whitney,* 12 Mass. 47; *Wyatt v. Sweet,* 48 Mich. 539, 12 N. W. 692.)

The appellant's showing admits that the motion for judgment was regularly served on the resident attorney, J. L. McClear, and that this service was proper, and no showing has been made which would warrant the court in setting aside the judgment on this ground. (*Beck v. Lavin,* 15 Ida. 363, 97 Pac. 1028.)

The right to discontinuance of a condemnation proceeding is not an absolute right, and the plaintiff, after having proceeded to condemn, has no right to come in and demand an

absolute dismissal of the action, and an application for a discontinuance may be denied or equitable terms imposed. (Lewis, Eminent Domain, p. 670, and cases there cited; *Drath v. B. & M. R. Co.,* 15 Neb. 367, 18 N. W. 717.)

The award of the appraisers in a condemnation proceeding is the adjudication of the damages by a competent tribunal, and if no proceedings are taken to vacate the award it becomes, to an extent, in the nature of a judgment. (*Stauffer v. C. R. & M. R. Co.,* 33 Ind. App. 356, 70 N. E. 543; 2 Elliott on Railroad Law, par. 1045; *E. & T. R. Co. v. McGrath,* 74 Cal. 49, 15 Pac. 360.)

A leading case upon the question of a dismissal of a condemnation proceeding is that of *Sprague v. N. P. Ry. Co.,* 122 Wis. 509, 106 Am. St. 997, 100 N. W. 842, decided under the statutes of Wisconsin, which appear to be more like the statutes of this state than any other.

AILSHIE, J.—A motion has been made to strike out certain portions of the transcript and motion has also been made to dismiss the appeal. We have examined these motions and have reached the conclusion that they are not well taken. The motions are denied.

This is an appeal from a final decree of condemnation and an order denying a motion to vacate and annul the decree. On the 24th day of January, 1908, the appellant company filed its complaint in the district court in and for Kootenai county, praying the condemnation of the south thirty feet of lot 10, block 1, in the townsite of St. Maries, for railroad purposes. Summons was issued and served, and at the same time notice was served on the defendants, who are respondents here, that the plaintiffs would apply to the court for the appointment of commissioners to assess and determine the damages that defendants would sustain by reason of the condemnation of the land described in the complaint. Commissioners were thereafter duly appointed, and after a hearing at which plaintiffs and defendants were represented and introduced proofs, the commissioners made and filed their findings and report. They found the value of the land sought to be con-

demned to be $1,200, and that the damages that would accrue to the balance of the lot, buildings and improvements thereon, by reason of the condemnation would amount to $5,000. On May 11th following the plaintiff company filed with the clerk of the court its praecipe for the dismissal of the proceedings. Notice of this praecipe was served on the attorney for the defendants. No further action was taken in the matter until about September 21, 1909, when a notice of motion for judgment against the plaintiff was served on J. L. McClear, the local attorney at Coeur d'Alene city for the railroad company. This notice was forwarded by Mr. McClear to the general counsel at Spokane, and in the course of business was delayed and overlooked, and so no appearance was made on the day set for hearing, which was September 29th. On the latter date the motion was called up by the defendants, and on their application a final decree of condemnation was ordered upon the report of the commissioners, and thereafter and on October 9th a judgment was entered against the company for the amount of the award and a final decree of condemnation was entered. On October 15th the plaintiff moved for a vacation and annulment of the judgment and decree on several grounds, among which was: First, that the court was without jurisdiction to enter the judgment and decree; second, that the action had been dismissed long prior to the entry of judgment and decree.

The first question presented by the appellant deserving our consideration here is, that it had an absolute right, under sec. 4354 of the Rev. Codes, to dismiss the action. That section provides as follows:

"An action may be dismissed, or a judgment of nonsuit entered, in the following cases: 1. By the plaintiff himself, at any time before trial, upon the payment of costs: Provided, a counterclaim has not been made or affirmative relief sought by the cross-complaint or answer of defendant. If a provisional remedy has been allowed the undertaking must thereupon be delivered by the clerk to the defendant, who may have his action thereon."

Sec. 5228, Rev. Codes, which is a part of the title on eminent domain provides as follows:

"Except as otherwise provided in this title, the provisions of this code relative to civil actions and new trials and appeals, are applicable to, and constitute, the rules of practice in the proceedings in this title."

It will be observed that this latter section makes the provisions of the code relative to civil actions applicable, "except as otherwise provided in this title," to proceedings in condemnation. Now, in civil actions, under sec. 4354, *supra,* the plaintiff may dismiss, upon payment of costs, at any time before trial, provided a counterclaim has not been made or affirmative relief sought. No counterclaim had been filed and no affirmative relief had been sought in this case, and we are clearly of the opinion that the plaintiff had a right to dismiss. (*Hancock Ditch Co. v. Bradford,* 13 Cal. 637; *Hopkins v. Superior Court,* 136 Cal. 552, 69 Pac. 299.) So far as the record shows in this case no dismissal was ever entered. The statute, however, sec. 4354, provides that "the dismissal mentioned in the first two subdivisions" of this statute "is made by an entry in the clerk's register." It does not appear from the transcript that any entry of the dismissal has either been made in the clerk's register or any formal judgment has been entered. The failure to make such entry would not affect the plaintiff's right to have the action or proceeding dismissed. It has been argued by the respondent, however, that the appellant was not entitled to the dismissal because he did not pay the costs, while it is urged by the appellant that there were no costs to pay. In the absence of a positive showing to the contrary, we assume that the plaintiff when applying to the clerk for a dismissal of the action paid the costs of the dismissal. Under the construction placed on the California statute, from which our section 4354 was taken, it has been held unnecessary for a plaintiff making a dismissal under subd. 1 of this statute to, at the time, actually pay more than the costs of the dismissal and that the other costs follow the dismissal as a matter of law and must be taxed in the ordinary way, and that it was the intention of the statute that

when ascertained, they should be entered as a judgment against the plaintiff. (*Hancock Ditch Co. v. Bradford,* 13 Cal. 637; *Hopkins v. Superior Court,* 136 Cal. 552, 69 Pac. 299.) But appellant contends that in a proceeding for condemnation no costs are taxable at all. To this contention we cannot give our assent. Appellant's contention seems to us contrary to both the letter and the spirit of the statute. By the provisions of sec. 5227, costs in eminent domain cases "may be allowed or not, and if allowed may be apportioned between the parties, on the same or adverse sides, in the discretion of the court." This provision of the statute was evidently written with a view that the case would go to final judgment after a regular trial had. It would clearly be an abuse of the discretion of the trial court, under this statute, to refuse to allow a defendant costs where the plaintiff had procured the appointment of commissioners and had a hearing, entailed all the costs incident to the production of witnesses and attendance on the meeting of the commissioners, and then had dismissed the action as was attempted to be done in this case. Where the action is dismissed under these conditions, it would clearly be the duty of the trial court to tax the costs against the plaintiff, and the provisions of sec. 5228 making applicable the general statutes relative to civil actions would apply in the taxing of costs. The usual costs in civil actions would be taxable. It would be necessary for the defendants to file a cost bill within five days after notice of the dismissal, as provided by sec. 4912, Rev. Codes.

From what has already been said it follows that the court erred in entering a decree of condemnation and a judgment on the findings and report of the commissioners. The plaintiff had already complied with the statute in order to entitle it to a dismissal of the proceeding. It would also follow from the holding of this court in *Pyle v. Woods, ante,* p. 674, 111 Pac. 746, decided at this present term, that the court would have had no authority to enter a judgment over the objection of plaintiff on the findings of the commissioners. The condemning company was not obliged to pay the award made by the commissioners, and even though it did not desire

to dismiss the proceeding it would still have had a right to apply to the court for a jury trial to assess the damages.   The judgment and order appealed from are reversed, and the cause is remanded with direction to the trial court to dismiss the action.   Costs of this appeal are awarded in favor of appellant.

Sullivan, C. J., concurs.