HERNÁNDEZ, PLAINTIFF AND APPELLANT, *v.* HEIRS OF CÓRDOVA
ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Arecibo in an Action for
Liquidation and Partition of Community.—Memorandum
of Costs.

No. 2875.—Decided March 19, 1923.

COSTS—ATTORNEY FEES—NONSUIT.—A defendant may recover attorney fees in
a memorandum of costs presented in consequence of a nonsuit judgment
with costs entered before trial.

The facts are stated in the opinion.

*Mr. L. Mercader* for the appellant.

*Messrs. Largé & Zeno* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

Appellant brought suit for partition and an accounting.
Section 192 of the Code of Civil Procedure reads in part
as follows:

"An action may be dismissed or a judgment of non-suit entered
in the following cases:

"1.—By the plaintiff himself, at any time before trial, upon the
payment of costs: *Provided,* a counter-claim has not been made or
affirmative relief sought by the cross-complaint or answer of de-
fendant. If a provisional remedy has been allowed, the under-
taking must thereupon be delivered by the secretary to the de-
fendant, who may have his action thereon."

Then after provision for a preliminary entry in the secre-
tary's register the entering of a judgment is authorized.

An answer filed herein after rulings upon a motion to
strike and certain demurrers, alleged, in addition to a gen-
eral denial, exclusive ownership of the real property de-
scribed in the complaint, and prayed for a dismissal of the
action with costs to defendant.

The case was set for trial and on the day before the date
so fixed plaintiff indicated in writing a purpose to desist
from further prosecution of the action "without special pro-

nouncement as to costs.'' No entry was made in the clerk's register, and appellant in her brief refers to the pleading last above mentioned as a motion for dismissal. The court below, after a reference to this ''motion'' and to the first sub-division of section 192, *supra,* ordered a judgment of dismissal with costs.

Later defendant filed a memorandum of costs, and the present appeal is from an order fixing the amount thereof, including attorney fees. Plaintiff opposed the original memorandum upon the grounds, first, that the filing thereof was premature, second, that the verification was bad, and, third, that the court was without power or authority to compel payment thereof after a voluntary dismissal by plaintiff before trial.

Thereupon an amended memorandum was filed without further pleading in opposition thereto.

But two points are insisted upon in the brief, to wit, that the presentation of the memorandum was premature and that the court exceeded its jurisdiction in allowing attorney's fees.

If the objection on the ground that the memorandum had been filed before the expiration of the statutory period allowed for an appeal was not waived by the omission to plead to the amended memorandum nor to mention the failure to appeal from the judgment of dismissal if such premature filing was a jurisdictional defect, or if the failure of the court below expressly to rule upon this point in fact preju-diced plaintiff in any substantial right, then the burden is upon appellant to establish some such proposition by a proper showing in her brief. This she has wholly failed to do.

But it is said that the only costs a plaintiff is obliged to pay under section 192, *supra,* are the clerk's costs already taxed or else accruing as an incident to the entries to be

made by him. *Todhunter* v. *Klemmer,* 134 Cal. 60, and *Koffmann* v. *Superior Ct.,* 115 Cal. 152, are cited in this connection. Those cases sustain the proposition so submitted only in so far as the costs to be paid at the moment of dismissal are concerned. But it does not follow that the matter ends there, or that defendant is left without a remedy. Section 192 is to be construed in connection with other provisions of the Code, and the entry in the register, even though followed by a judgment entered by the secretary, does not preclude a further judgment for costs, at the discretion of the court, on timely application by defendant. The usual memorandum and determination of the amount to be paid are, of course, a mere incident and the logical result of such judgment. As supporting in a general way this view of the matter we may refer in passing to *Chicago etc. Ry. Co.* v. *Trueman,* 18 Idaho, 687, and *Spinks* v. *Superior Court,* 26 Cal. App. 793.

"As a general rule, where plaintiff voluntarily dismisses or discontinues his action, defendant is entitled to costs." 15 C. J., p. 68, section 118.

Sections 327 and 339 of the Code of Civil Procedure as amended are set forth in full in *Zorrilla* v. *Orestes,* 28 P. R. R. 698, and need not be re-copied here.

The opening paragraph of section 327, as it now stands, says that "parties to actions or proceedings, including the People of Porto Rico, are entitled to costs and expenses subject to the rules hereinafter provided."

And the final provision thereof is "that the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceedings, considering also the degree of blame, if any, of the party against whom judgment is rendered."

There is no necessary or irreconcilable conflict between

these enactments and the terms of section 192, as construed by the Idaho and California cases last above mentioned.

The order appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Franco Soto concurred.