No. 24,523.

S. F. FITZSTEPHENS, *Appellant*, v. FRANK A. WHAN, *Appellee*.

SYLLABUS BY THE COURT.

CONTRACT—*Sale of Half Interest in Oil Drilling Tools—Want of Mutuality and Want of Consideration—A Nude Pact.* An agreement in which the defendant owner of a set of oil drilling tools sold a half interest in them to plaintiff, a driller of oil wells, to be paid for exclusively from prospective profits on the drilling of oil wells, and in which the vendor was to procure oil drilling contracts, handle all the finances, pay the driller his regular wages, pay all other workmen and other expenses, and apply half the profits to the credit of plaintiff on the purchase price, but in which the plaintiff was not obligated to do anything or to pay anything to defendant or in his behalf, was not an enforcible contract because of want of mutuality and want of consideration.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed June 9, 1923. Affirmed.

*N. A. Yeager,* and *R. A. Cox,* both of Augusta, for the appellant.

*George Gardner, K. W. Pringle,* and *George Austin Brown,* all of Wichita, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The question in this action was whether plaintiff had an enforcible contract with defendant or whether it was void for want of mutuality or other infirmity.

In brief the facts alleged and testified to on behalf of plaintiff were that defendant, who owned a set of drilling tools, called on plaintiff who was a driller of oil wells, and offered to sell him a half interest in the tools for $4,500 to be paid exclusively out of the profits of well drilling. Defendant was to get contracts to drill oil wells, pay plaintiff the regular wages of $14 per day for his labor, pay all the other workmen their wages and pay all expenses connected with such work, and to pay to plaintiff or credit him with half of any net profits on the well drilling contracts until the sum of $4,500 was thus realized. Plaintiff testified that he agreed to this proposition and went to work pursuant thereto, and received his regular wages from defendant under this arrangement for some time; but after a while defendant ignored him altogether and took the tools to another job on which plaintiff was not employed. He also testified that on one

Fitzstephens v. Whan.

job there was a net profit of $6,712.79, and that defendant refused to account to him for his share of it. His prayer was for judgment for half of that, $3,356.39.

Defendant's demurrer to plaintiff's evidence was sustained, and plaintiff appeals.

Viewed in the aspect most favorable to plaintiff did the facts alleged and testified to establish an enforceable contract? Plaintiff argues that defendant's answer admitted the making of this contract. Not so, however; defendant's answer denied that such contract was made, but alleged the making of another contract with plaintiff on altogether different terms, not here pertinent. To make a valid contract of purchase and sale, there must be mutual obligations. What obligation did plaintiff undertake? What consideration passed from him to defendant? The evidence discloses none. Defendant could not enforce any sort of liability against plaintiff. He was under no duty to do anything. Any relationship of plaintiff to the so-called contract could neither be the subject of specific performance at the instance of defendant nor could the latter recover anything for the breach of it. Essential elements of a contract are consideration and mutuality. These were wanting. Plaintiff was to be the mere recipient of a donation because nothing was given or promised by him. The contract was therefore abortive, a *nudum pactum*. In *Dorsey v. Packwood,* 12 How. (U. S.) 126, 13 Law. Ed. 921, the headnote in part, reads:

"An agreement, whereby the purchaser of a plantation, 'bound himself to transfer to his son-in-law one half of the plantation, slaves, cattle, and stock, as soon as the son-in-law should pay for one-half of the cost of the said property, either with his own private means, or with one-half of the profits of the plantation', was deficient in mutuality. The son-in-law was not bound to render any services nor pay any money. It was a nude pact. It was not an alternative obligation upon the son-in-law, because the election to pay his half out of the profits would have been merely paying with another man's money." (See, also, *Railway Co. v. Bagley,* 60 Kan. 424, 56 Pac. 759; *Grow v. Davis,* 110 Kan. 214, 203 Pac. 683; Rose's Notes to 12 Howard, 13 Law Ed. 408-409; 13 C. J. 331-333.)

Affirmed.