207 P.2d 1025

**VILLAGE OF LAPWAI v. ALLIGIER et ux.**

No. 7392.

Supreme Court of Idaho.

June 27, 1949.

Paul W. Hyatt, V. R. Clements, Lewiston, for appellant.

Ray E. Durham, Lewiston, for respondents.

GIVENS, Justice.

Appellant, a municipal corporation, brought suit in eminent domain to secure the gravity water system installed and in operation for some thirty-five years and belonging to respondents, for use by the Village as a municipal water plant. The system's water supply is a spring flowing constantly sixty gallons per minute with a 12-inch concrete pipe tunneled in twelve or fourteen feet, housed in a concrete structure 4x7x13 feet. No other adjacent adequate springs exist. From the spring 6,840 feet of 2¼ inch asphalt-treated pipe extend, buried in an eight-foot easement under lease for 99 years, and through respondents' land to a concrete reservoir 10x40x8 feet with a shingled roof, buttressed walls, and a capacity of 85,000 gallons; thenceforth 4,888· feet of similarly treated four-inch iron pipe over a similar easement extends to the corporate limits of the Village where the water is distributed through some 1350 feet of two-inch iron pipe, 300 feet of one-inch pipe and 7408 feet of ¾ inch pipe; the entire system equipped with necessary air outlets, valves, connections, etc.

The jury fixed a valuation of $23,700. The appeal does not question the right of condemnation, but assigns errors in the admission of evidence, excessiveness of verdict, incorrect instructions and judgment, considered thus in detail:

T. F. Edwards, a civil engineer with experience in the construction, operation and examination of water systems, testified that under his supervision and direction, a section of 2½-inch steel pipe was cut out about 500 feet below the spring; another section from the same pipe about 1,000 feet from the reservoir; and a third from the four-inch pipe below the reservoir and near the limits of the Village.

He testified these samples were taken at random without any reason for selecting the places where they were taken. Objection was made that they were not representative of the whole system. There was no evidence that they were, nor as to the condition of the soil and attendant circumstances througout the length of the pipe lines as compared with the places where the samples were taken, nor any expert evidence which in any way could have aided the jury in determining whether or not these samples were representative samples of the two pipe lines. They necessarily were important and had a very direct bearing upon the consideration of the physical condition of the system, its value, and must have had weight with the jury. Absent such essential supporting and appropriate evidence, their admission was prejudicial.

" * * * If the sample of hay introduced in evidence had been shown to be a fair sample of the hay on plaintiff's ranch which he claimed to have sold to the appellant, and witnesses who knew what good merchantable hay was in that country had been permitted to examine it and give to the jury their opinion whether such sample was good merchantable hay, such evidence would have been proper and the sample would have been properly admitted for that purpose; but to admit the sample simply for an inspection by the jury was clearly error." Trego v. Arave, 20 Idaho 38, at page 46, 116 P. 119, 121, 35 L.R.A.,N.S., 1021; Piggly-Wiggly Stores, Inc. v. Lowenstein, 197 Ind. 62, 147 N.E. 771, at page 776; Brown v. Leach, 107 Mass. 364.

"The prerequisites necessary to the admission in evidence of samples are that the mass should be substantially uniform with reference to the quality in question and that the sample portion should be of such nature as to be fairly representative." E. K. Hardison Seed Co. v. Jones, 6 Cir., 149 F.2d 252, at page 256(1-3). Champlin Refining Co. v. Smith, 190 Okl. 287, 123 P.2d 253.

The burden of proof was on respondents to establish the value of the system, 29 C.J.S., Eminent Domain, § 271, page 1257, and the burden was on them to show these samples were admissible; and the offer to let appellant take samples did

not cast such burden on appellant or make these samples, absent the requisite showing of their representing the whole or average pipe, admissible. Woodruff et al. v. Butte & Market Lake Canal Co., 64 Idaho 735, 740, 137 P.2d 325; Southeast Securities Co. v. Christensen, 66 Idaho 233, 239, 158 P.2d 315.

■ There was testimony that there were no other springs adjacent to or available to appellant adequate to supply the amount of water furnished by the springs used in connection with the system sought. As bearing upon the value of the spring, respondent testified over objection that it would cost $5,000 to drill a well and $3,000 or better for a pump to afford substituted service and would cost approximately $110 per month. Conceding that evidence of such or other substituted system is admissible for consideration in determining the value of the spring, Idaho-Western R. Co. v. Columbia Conference, etc., 20 Idaho 568, 578, 119 P. 60, 38 L.R.A.,N.S., 497; Tyson Creek R. Co. v. Empire Mill Co., 31 Idaho 580, 587, 174 P. 1004; Thibadeau v. Clarinda Copper Min. Co., 47 Idaho 119, 128, 272 P. 254; State ex rel. McKelvey v. Styner et al., 58 Idaho 233, 241-245, 72 P.2d 699; Hottell v. Farmers' Protective Ass'n, 25 Colo. 67, 53 P. 327, 71 Am.St.Rep. 109; Maynard v. Nemaha Valley Drainage Dist. No. 2, 94 Neb. 610, 143 N.W. 927, 52 L.R.A.,N.S., 1004, 1008; Oregon R. & Nav. Co. v. Taffe, 67 Or. 102, 134 P. 1024, 135 P. 332, 515; Sigurd City v. State, 105 Utah 278, 142 P.2d 154; Re Brantford Golf & Country Club etc., 32 Ontario L.Rep. 141; Lakeside Mfg. Co. v. City of Worcester, 186 Mass. 552, 72 N.E. 81; Gurdon & Ft. S. R. Co. v. Vaught, 97 Ark. 234, 133 S.W. 1019, it was not shown that the witness was qualified to state the cost of the well or pump or operating charges; nor was there evidence showing effect of eliminating transmission pipe line if the well were drilled in the Village, nor whether any water was available to be tapped by a well; nor was there evidence of the size or kind of well or other qualifying evidence necessary to justify the admission of this evidence and render it of value to the jury. Thus, the objections should have been sustained on these grounds. Thibadeau v. Clarinda Copper Min. Co., 47 Idaho 119, 129, 272 P. 254; City of Ft. Scott v. Canfield, 46 Kan. 322, 26 P. 697; Fredonia Gas Co. v. Bailey, 77 Kan. 296, 94 P. 258.

Instruction No. 7 in part stated:

"* * * The physical parts (of the water system) consist of all such units as land, spring, reservoir, distributing system, the right to use the streets, easements, permits, franchises and going concern value, and also the system's earnings, past, present and future; the population of the area served by said water system, its development, growth, and business situation, the wants and characteristics of the commun-

ity which said water system serves, insofar as they appear from the evidence, and insofar as they affect the market value of the property."

Objection is taken to this Instruction because respondents' franchise from appellant had expired prior to the time of the suit and was not in effect then, though service was continued without interruption or interference. The rule in such circumstances seems to be that: After the expiration of a water franchise, the company continuing to supply service, an implied contract of indefinite duration arises, terminable upon reasonable notice at such time and under such circumstances as would be consistent with the duty owed to the inhabitants of the city. Denver v. Denver Union Water Co., 246 U.S. 178, 38 S.C. 278, 62 L.Ed. 649; City of Toledo v. Toledo Railways & Light Co., 6 Cir., 259 F. 450, 453; Galveston Electric Co. v. City of Galveston, D.C., 272 F. 147, 161; Hill v. Elizabeth City, 4 Cir., 298 F. 67, 69; City of Roswell v. Mountain States Telephone & Telegraph Co., 10 Cir., 78 F.2d 379, 386; Iowa City v. Iowa City Light & Power Co., 8 Cir., 90 F.2d 679, 682, 112 A.L.R. 618; Mountain States Telephone & Telegraph Co. v. People, 68 Colo. 487, 190 P. 513, 514; Abbott v. Iowa City, 224 Iowa, 698, 277 N.W. 437, 439; 112 A.L.R. 635:

" * * * A utility company has the same rights it had under its franchise, except that it may be compelled to discontinue using the public streets after the expiration of reasonable notice so to do."

We find no bar to such implied contract in Art. XII of the Constitution or the statutes Sections 50-707 and 50-1141 I.C., as considered in Detroit United Railway v. Detroit, 255 U.S. 171, 41 S.Ct. 285, 65 L.Ed. 570, 575.

Inasmuch as the case must be retried, it would seem advisable for the court to instruct that the jury might take into consideration the value of the expired franchise considered thus terminable, as compared to its value when issued for a definite period.

Instruction No. 3 closely followed and was justified by Blackwell Lumber Co. v. Empire Mill Co., 29 Idaho 421, 160 P. 265; Boise Artesian Water Co. v. Public Utilities Comm., 40 Idaho 690, 236 P. 525; Consumers' Co., Ltd. v. Public Util. Comm., 41 Idaho 498, 239 P. 730; Capital Water Co. v. Public Utilities Comm., 44 Idaho 1, 262 P. 863.

The rule as to the date interest will be awarded, though established by Federal decision, Weiser Valley Land & Water Co. v. Ryan, 9 Cir., 190 F. 417; 96 A.L.R. 152, followed in Brown v. United States, 263 U.S. 78, 44 S.Ct. 92, 68 L.Ed. 171, as being the date of the issuance of the summons, is based on good reasoning and for the sake of uniformity will be adhered to. The

point does not seem to have been raised heretofore in, or decided by, this court, though it may be noted that in several condemnation judgments examined, interest was allowed from the date of the judgment. Darling v. Fremstadt, 22 Idaho 684, 688, 127 P. 674, 675; Sec. 7-719 I.C. Boise Valley Const. Co. v. Kroeger, 17 Idaho 384, 105 P. 1070, 28 L.R.A.,N.S., 968; 96 A.L.R. 157, while a lieu condemnation suit was not strictly a condemnation suit, hence not controlling over Weiser Valley Land & Water Co. v. Ryan, supra.

The form of the judgment being that of the ordinary one for the recovery of money in favor of the defendant against plaintiff-condemnor, was not incorrect, Chicago, M. & St. P. R. Co. v. Trueman, 18 Idaho 687, 112 P. 210; Big Lost River Irr. Co. v. Davidson, 21 Idaho 160, 166, 121 P. 88; except that the portion of the judgment providing for enforcement by execution should be stricken as not authorized, Wheeler v. City of Blackfoot, 55 Idaho 599, 606, 45 P.2d 298.

In view of the disposition of the case, it is unnecessary to determine whether or not the verdict was excessive.

Judgment is, therefore, reversed and cause remanded with instructions to grant a new trial. Costs to respondents.

HOLDEN, C.J., and PORTER, TAYLOR and KEETON, JJ., concur.