321 P.2d 595

The STATE of Idaho, on relation of Roscoe C. RICH, Leonard K. Floan and David P. Jones, Idaho Board of Highway Directors, Plaintiffs-Respondents,

v.

Earl McGILL and Barbara M. McGill, husband and wife, and F. A. Williams, Defendants-Appellants.

No. 8549.

Supreme Court of Idaho.

Jan. 17, 1958.

Rehearing Denied Feb. 28, 1958.

468

Graydon W. Smith, Atty. Gen., Wm. R. Padgett, Asst. Atty. Gen., for respondents.

Dale Clemons, Robert W. Green, Boise, for appellants.

McQUADE, Justice.

Upon the failure of the parties hereto to agree as to damages for the taking of land by the State of Idaho for a State highway

project, an action was commenced to condemn the property and to determine the amount of damages due appellants. To the complaint, appellants filed an answer admitting all respondents' allegations excepting one paragraph of the complaint which for all ostensible purposes set up the good faith of the condemner and that it was impossible to make a reasonable bargain as to damages for taking of the property.

At the commencement of the trial of the case, the appellants admitted the allegations of the one remaining paragraph of the complaint, leaving only the issue of damages for the purpose of the trial. When the trial was begun, it was agreed between the parties that respondents would put on their proof first, to be followed by appellants' proof. The proof introduced by the respondents went to all material issues of the complaint, including the value of the land being taken, whereas the proof of the appellants went to the value of the property taken and the resulting damage to the remainder of appellants' property. Both at the commencement of the trial and before the arguments, appellants' attorney moved the Court for permission to open and close the argument. At both times the trial court denied the motion. It is from this ruling that appellants have taken their appeal, and this ruling is assigned as the sole question of error.

Our statute setting forth the procedure for civil cases tried before a jury is I.C. § 10–206, which is as follows:

"When the jury has been sworn, the trial must proceed in the following order unless the judge for special reasons otherwise directs:

"1. The plaintiff, after stating the issue and his case, must produce the evidence on his part.

"2. The defendant may then open his defense and offer his evidence in support thereof.

"3. The parties may then respectively offer rebutting evidence only unless the court, for good reasons, in furtherance of justice, permits them to offer evidence upon their original case.

"4. When the evidence is concluded and before the case is argued or submitted to the jury, either party may request the court to give to the jury instructions in writing on the law arising in the cause which shall be given or refused as asked: provided, that the court may also give other and further written instructions of its own motion. All of the written instructions given shall be carried by the jury to their room for their guidance in arriving at a correct verdict according to the law and evidence. The instructions shall then be read to the jury by the court, and unless the case is submitted to the jury without argument, the plaintiff must commence and may conclude the argument. * * *"

470

■ Appellants argue that all material issues of the plaintiffs' complaint were admitted, and the only issue left was one of damages, and further, that the defendants had the burden of proof in establishing the amount of damages. The question as to the burden of proof pertaining to damages in a condemnation suit has been settled in State ex rel. Rich v. Dunclick, Inc., 77 Idaho 45, 286 P.2d 1112, 1117:

"* * * The burden of proving the amount of damages sustained, i. e., the value of the land taken and resultant damage to the remainder, must be borne by appellants [condemnees]. * * *"

See also Village of Lapwai v. Alligier, 69 Idaho 397, 207 P.2d 1025.

Under our statute, I.C. § 10–206, the trial court is given discretion "for special reasons" to vary the order of trial, and appellants cite Grisinger v. Hubbard, 21 Idaho 469, 122 P. 853, to support their contention that because they had the burden of proving the question of damages reversible error was committed by the trial court's denying their motion. In approving part of the general rule as set out in Brunswick & W. R. Co. v. Wiggins, 113 Ga. 842, 39 S.E. 551, 61 L.R.A. 513, this Court quoted the following excerpt in Grisinger v. Hubbard, supra [21 Idaho 469, 122 P. 856]:

"* * * 'That the burden of proof, with its incident right to open and close, naturally and necessarily is, in the first instance, with the plaintiff or party who initiates the action, suit, or proceeding, and remains with such party so long as it continues incumbent upon him to make any proof whatever. That when the defendant, either by an admission in express and absolute terms, or by refraining from denial of plaintiff's cause of action and alleging affirmative matter in avoidance of it, renders it wholly unnecessary for the plaintiff to give any evidence whatever to have a complete recovery of all that he claims, the burden and right are with the defendant.' "

Another Idaho case, American Surety Co. of New York v. Blake, 54 Idaho 1, 27 P.2d 972, 91 A.L.R. 153, states that this Court recognizes the rule that under certain circumstances, for special reasons, the trial court has the right to change the order of proof.

However, the problem presented here is not one of varying the order of proof, but rather varying the order of argument. It seems all too clear that although no Idaho case specifically requires the district judge to vary the order of argument, there is ample authority recognizing the discretion.

■ To come to grips with the ultimate problem, we must determine whether the trial court committed error by refusing to change the order of argument, under the facts of this case. Although the better procedure in a case such as this is to allow

the defendant to open and close, we cannot say reversible error was committed by the trial court's refusal to follow such procedure, and especially so in view of the stipulation by the appellants that the respondents should proceed with the presentation of proof when no proof was required.

In 5 Nichols on Eminent Domain, Third Edition, sec. 18.5(2), pp. 205–207, the conflict of the decisions is summed up:

> "The general rule is that the right to open and close goes to the one on whom the burden of proof lies in the first instance—upon the party who would suffer defeat if no evidence should be given on either side. It consequently follows from what has been already stated that the owner should have the right to open and close, and this is generally the law. The failure of the trial court to follow this rule is not, however, necessarily ground for setting aside the verdict if it does not appear that the owner was harmed. In some jurisdictions it is held that the right to open and close rests in the discretion of the trial court, while in several other states the fact that the condemnor is petitioner or plaintiff on the record in the whole case has led the courts to give that party the right to open and close, even on the issue of damages."

The judgment is hereby affirmed.

Costs to appellants.

PORTER and TAYLOR, JJ., concur.

KEETON, Chief Justice, with whom SMITH, Justice, concurs (dissenting).

A condemnation suit, where the right to condemn and the necessity for taking is contested, presents three questions for determination: first, plaintiff's right to the exercise of the power of eminent domain; second, the public necessity for the taking; these two questions if contested are determinable by the court, which if determined favorably to the plaintiff present the third question, the determination of the amount of damage.

In the case here, appellants admitted respondent's right to condemn the land as well as the necessity for its taking for a public use, which left only for determination the amount of damages sustained by appellants, they of necessity assuming the burden of proof.

When the stage is so set, as in the case under consideration here, then the rule attains that the party having the affirmative of the issue and burden of proof, is entitled to open and close the argument.

Here the trial judge correctly instructed the jury, empaneled to determine the damages:

> " * * * the only question which you are called upon to determine is the amount of damages, if any, that

472

has been sustained by the defendants * * *."

and

"You are instructed that the burden of proof as to the value of the land taken and the damages which result to the property not taken is upon the defendants in this case."

The rule is stated in 18 Am.Jur., sec. 458, p. 1002, as follows:

"Right to Open and Close.—When a case in eminent domain is submitted to a jury, and the only question to be determined is the amount of damages, it has been held, under the rule that the party who must suffer defeat if no evidence be given on either side is entitled to open and close, that the defendant in such proceeding is consequently entitled to open and close. * * *"

Quoting from 88 C.J.S. Trial § 43, pp. 102 and 103:

"The usual rule is that the party having the affirmative of the issues in an action or the burden of proof is entitled to open and close the case at the trial.

*    *    *    *    *    *

"The party having the affirmative of the issue or burden of proof, and thus entitled to open and close, is determined by the state of the pleadings."

The annotator, in Ann.Cas.1916D, p. 958, sets forth the rule:

"In accord with the decision in the reported case, it is generally held that where the only issue in the action is the amount that the plaintiff is entitled to recover, he has the right to open and close, as he must sustain the burden of proof with respect to that issue. * * *" (Citing many authorities). Nichols on Eminent Domain, 3rd Ed., V. 5, p. 205, states the rule:

"The general rule is that the right to open and close goes to the one on whom the burden of proof lies in the first instance—upon the party who would suffer defeat if no evidence should be given on either side. It consequently follows from what has been already stated that the owner [appellants] should have the right to open and close, and this is generally the law."

and in support of the rule, Nichols cites cases from Arkansas, California, Connecticut, Indiana, Kentucky, Massachusetts, Minnesota, Missouri, Nebraska, New Jersey, New York, Oregon, South Dakota and Texas.

In Grisinger v. Hubbard, 21 Idaho 469, 122 P. 853, this Court clearly recognized the right of one who has the burden of proof, to open and close. Therein this Court held:

"The burden of proof, with its incident right to open and close, naturally and necessarily is in the first instance with the plaintiff or party who initiates

the action, suit or proceeding, and remains with such party so long as it continues incumbent upon him to make any proof whatever. When the defendant, either by an admission in express and absolute terms or by refraining from denial of the plaintiff's cause of action and alleging affirmative matter in avoidance of it renders it wholly unnecessary for the plaintiff to give any evidence whatever to have a complete recovery of all that he claims, the burden and right are with the defendant."

The right to open and close argument is a substantial, legal right, the denial of which constitutes reversible error. Ann. Cas.1912D, p. 252, cites cases sustaining this precept from Alabama, Arkansas, California, Georgia, Indiana, Kentucky, Louisiana, Maine, Maryland, Massachusetts, New York, South Carolina and Washington.

I am unable to discern wherein the order of proof as submitted herein has any bearing on the question of appellants' right to open and close the argument, inasmuch as appellants never waived such right on the single and only contested issue which required them to assume the burden of proof, i. e., the amount of damages by them sustained. Nor, in such a case is the right to open and close subject to the discretion of the trial court. Reversible error was committed. Judgment should be reversed and a new trial ordered.