(June 28, 1918.)

## SANDPOINT WATER & LIGHT COMPANY, LTD., a Corporation, Appellant, v. CITY OF SANDPOINT, a Municipal Corporation, Respondent.

[173 Pac. 972.]

POLICE POWER—PUBLIC UTILITIES—MUNICIPAL CORPORATIONS—IMPAIR-
MENT OF CONTRACTS.

1.  Power to supervise and regulate rates or charges for services rendered by public utilities is an inherent function of government, the existence of which does not depend upon its exercise by the state at any particular time.

2.  In the absence of constitutional limitations the right of the state to regulate rates may be suspended for a limited time by a valid contract authorized by the supreme legislative branch of the government, but when reliance is made upon such a contract it must appear that the authority was granted in clear and unmistakable language, free from any doubt as to the delegation of authority.

3.  In this state no authority exists to enter into contracts which will in any manner abridge the power of the state to regulate rates of public utilities.

4.  A municipal corporation of the state cannot question the right of the state to exercise its police power in the regulation of rates on the ground that by so doing it would impair the obligation of a contract.

[As to validity of statute conferring upon public service commission power to fix rates for public service corporations, see note in Ann. Cas. 1917C, 57.]

APPEAL from the District Court of the Eighth Judicial District, for Bonner County.   Hon. R. N. Dunn, Judge.

Action to recover water rentals.   Judgment for defendant. *Reversed.*

A. H. Conner and Herman H. Taylor, for Appellant.

Franchise ordinances between municipalities and public utilities do not come within the contract clause of the constitu-

tion of the United States, and do not abrogate or prevent the exercise by the state of its police power in any manner it may consider just and proper. (*Idaho Power & Light Co. v. Blomquist*, 26 Ida. 222, Ann. Cas. 1916E, 282, 141 Pac. 1083; *State v. Superior Court*, 67 Wash. 37, Ann. Cas. 1913D, 78, and notes, 120 Pac. 861, L. R. A. 1915C, 287; *City of Woodburn v. Public Service Commission*, 82 Or. 114, Ann. Cas. 1917E, 996, 161 Pac. 391, L. R. A. 1917C, 98.)

The constitutional provision does not apply to municipal contracts affecting the safety and welfare of the public. (2 McQuillin on Municipal Corporations, sec. 753, p. 1632, and cases cited; *Knox v. Lee* (Legal Tender Cases), 12 Wall. (U. S.) 457, 550, 20 L. ed. 287, 312.)

E. W. Wheelan and Peter Johnson, for Respondent.

The law in force at the time of the making of a contract and in any manner affecting it enters into and becomes a part of the contract, and cannot be repealed or altered so as to affect the obligation of the contract or to impair rights vested under those laws. (*Fletcher v. Peck*, 10 U. S. (6 Cranch) 87, 3 L. ed. 162; *Trustees of Bishop's Fund v. Rider*, 13 Conn. 87; *New Jersey v. Wilson*, 7 Cranch (U. S.), 164, 3 L. ed. 303; *Howard v. Jones*, 50 Ala. 67, 69; *Watson v. Rose's Exrs.*, 51 Ala. 292, 300; *English v. Oliver*, 28 Ark. 317, 334; *Columbus County Commrs. v. King*, 13 Fla. 451, 474; *State v. Walsh*, 31 Neb. 469, 476, 48 N. W. 263, 265; *Munday v. Assessors of City of Rahway*, 43 N. J. L. 338, 340; *Moore v. State*, 43 N. J. L. 203, 217, 39 Am. Rep. 558, 570; *Homestead Cases*, 22 Gratt. (Va.) 266, 287, 288, 12 Am. Rep. 507, 514, 515; *United States v. Quincy*, 4 Wall. 535, 549, 18 L. ed. 403, 408; Pond on Public Utilities, secs. 91–98.)

"The rules applicable to legislative franchises which constitute contracts, are alike applicable to ordinances granting franchises which are 'laws' and which, upon acceptance by the grantee, constitute contracts. No subsequent ordinance which constitutes a law can impair their obligations." (2 McQuillin on Municipal Corporations, sec. 759; 12 R. C. L. p. 179; *State v. Real Estate Bank*, 5 Ark. 595, 41 Am. Dec.

109; *Peterson v. Tacoma Ry. & Power Co.,* 60 Wash. 406, 140 Am. St. 936, 111 Pac. 338; *People v. State Board of Tax Commrs.,* 174 N. Y. 417, 105 Am. St. 674, 67 N. E. 69, 63 L. R. A. 884; *City of Indianapolis v. Indianapolis Gas-Light & Coke Co.,* 66 Ind. 396.)

RICE, J.—In the month of January, 1904, the respondent city granted appellant's predecessors a franchise for the construction and operation of a water system in the city of Sandpoint. This franchise was subsequently assigned to appellant, and since the assignment appellant has continuously exercised the rights acquired thereunder. A schedule of rates was fixed in the franchise for various classes of private consumers, but a further provision was contained therein whereby the grantee was to furnish water to the city free of charge for street sprinkling and to the extent of its means in case of fire or other great necessity. In February, 1914, the respondent city commenced a proceeding before the public utilities commission for the purpose of readjusting the water rates charged by appellant in the city of Sandpoint. On October 2, 1915, the commission entered its order, which by its terms became effective November 1, 1915. In this order the rates to be charged for services rendered by the water company to private consumers were determined, and it was also ordered that water should no longer be furnished to the city of Sandpoint for street sprinkling or fire protection free of cost, and a rate of $4.25 per month per hydrant for fire protection and five cents per thousand gallons for street sprinkling was fixed. When the water system was constructed the city furnished and paid for the water hydrants as provided for in the franchise. The commission by its order directed the city to transfer the fire hydrants to appellant, and directed appellant to credit the city with the value thereof as fixed by the commission. The appellant furnished the city with water for seventy-four hydrants at all times subsequent to the taking effect of the said order, and credited the city with the value of the hydrants as so established. After the water rentals for the hydrants exceeded the amount which

had been credited to the city for hydrants, bills for water were presented to the city and were paid for several months. The city, however, refused to pay the bills for water for the months of October and November, 1916, and thereupon this action was commenced by appellant to recover the same.

The issue raised by the answer relates to the authority of the utilities commission to revoke the right of the city to receive water free of charge under the franchise, and to fix a hydrant rental or a rate for street sprinkling. A trial was had before the court without a jury, findings of fact and conclusions of law were made and judgment entered in favor of the city. The appeal is from the judgment.

The court found that the franchise granted by the respondent to appellant's predecessors, with the acceptance thereof, constituted a contract, and that the contract remains in full force and effect; also that the order of the public utilities commission requiring the city to pay the water company the sum of $4.25 per each calendar month for water furnished each hydrant, and in attempting and purporting to compel the respondent to pay appellant for street sprinkling and fire protection, was null and void and of no force or effect.

It is held uniformly and universally that the power to supervise and regulate rates or charges for services rendered by public utilities is an inherent function of government, and occupies a large place within the domain of the police powers of the state. The existence of this power does not depend at all upon the question as to whether or not it is being exercised by the state at any particular time. (*Idaho Power & L. Co. v. Blomquist,* 26 Ida. 222, Ann. Cas. 1916E, 282, 141 Pac. 1083; *City of Woodburn v. Public Service Commission,* 82 Or. 114, Ann. Cas. 1917E, 996, 161 Pac. 391, L. R. A. 1917C, 98; *State v. Superior Court,* 67 Wash. 37, Ann. Cas. 1913D, 78, 120 Pac. 861, L. R. A. 1915C, 287; *Winfield v. Public Service Commission* (Ind.), 118 N. E. 531; *City of Manitowoc v. Manitowoc & N. T. Co.,* 145 Wis. 13, 140 Am. St. 1056, 129 N. W. 925; *Home Tel. & Tel. Co. v. City of Los Angeles,* 211 U. S. 265, 29 Sup. Ct. 50, 53 L. ed. 176; *Milwaukee Elec. Ry. & L. Co. v. Railroad Commission,* 238 U. S.

174, 35 Sup. Ct. 820, 59 L. ed. 1254; *City of Benwood v. Public Service Commission,* 75 W. Va. 127, 83 S. E. 295, L. R. A. 1915C, 261.) Such power is properly exercised through a commission created by the legislature. (*Idaho, P. & L. Co. v. Blomquist, supra.*)

In some cases it has been decided that the right of the state to exercise its power for a limited period had been abrogated by a binding contract. (See *City of Cleveland v. Cleveland City R. Co.,* 194 U. S. 517, 24 Sup. Ct. 756, 48 L. ed. 1102; *City of Vicksburg v. Vicksburg Water Works Co.,* 206 U. S. 496, 27 Sup. Ct. 762, 51 L. ed. 1155.) But when such abrogation is based upon an alleged contract, made through the agency of a municipality of the state, the power of the municipality so to bind the state must appear in clear and unmistakable language. All doubts are resolved against the existence of the authority so to contract and in favor of the reservation of the right to a continued and unhampered exercise of its police power by the state. (*Home T. & T. Co. v. City of Los Angeles, supra; Milwaukee Elec. R. & L. Co. v. Railroad Commission, supra; Winfield v. Public Service Commission, supra; City of Benwood v. Public Service Commission, supra; City of Woodburn v. Public Service Commission, supra; City of Manitowoc v. Manitowoc & N. T. Co., supra.*)

It may be fairly questioned whether article 15, sections 1 and 2, and article 11, section 8, of the constitution are not limitations upon the power of the legislature, or any of its agencies, to contract in any manner or at any time to suspend the right of the state to exercise its police power in the establishment of reasonable rates for the use of water sold, rented or distributed by a water company, even for a limited period. (*City of Pocatello v. Murray,* 21 Ida. 180, 120 Pac. 812; *City of Tampa v. Tampa Water Works Co.,* 45 Fla. 600, 34 So. 631.)

But without considering that question, our attention has not been called to any attempt upon the part of the legislature of this state to authorize municipalities to enter into contracts which will in any manner abridge this power of the state.

The franchise must therefore be held to have been granted and accepted subject to the right of the state any time to exercise its reserved police power in the matter of regulating rates. (*City of Benwood v. Public Service Commission, supra; City of Woodburn v. Public Service Commission, supra; Winfield v. Public Service Commission, supra; City of Manitowoc v. Manitowoc & N. T. Co., supra.*)

The requirement that the company should furnish water to the city free for sprinkling and fire purposes cannot be regarded either as a condition precedent or subsequent to the grant of the franchise. It does not appear in terms to have been made such a condition. In any event respondent could not be heard to question the right of the state to exercise its police power on the ground that by so doing the state would impair the obligation of a contract. A municipal corporation is a creature of the law—a mere governmental agency of the state. Its charter is not a contract with the state, and its inhabitants have no vested interest growing out of the charter, except such as may be granted by the constitution itself or preserved by constitutional limitations.

In granting a franchise by which rates are fixed or determined, a municipal corporation is not exercising its own powers, but is exercising only such powers as have been conferred upon it by the state. These powers may be withdrawn at any time. A municipality has no vested right to the continued exercise of such powers, nor can it obtain a vested right in any contract entered into or property acquired through the exercise of such powers as against the right of the state, its creator, to assume complete control of its affairs. (19 R. C. L. 730, 731; 28 Cyc. 282 et seq.; *Collingswood Sewerage Co. v. Borough of Collingswood* (N. J. L.), 102 Atl. 901.)

The order of the public utilities commission referred to having become final and operative, and no question being raised as to the rendition of the service, judgment should have been rendered for the plaintiff in the court below. We express no opinion as to the validity of the order of the commission directing the transfer of the hydrants by the city to

the appellant, as this question is not within the issues raised by the pleadings.

The judgment is reversed, and the trial court is directed to make findings of fact and conclusions of law, and enter judgment in conformity herewith. Costs awarded to appellant.

Budge, C. J., and Morgan, J., concur.