J. R. SELKIRK, Appellant, v. SIOUX CITY GAS & ELECTRIC COMPANY, Appellee.

**MUNICIPAL CORPORATIONS:** Public Utilities—Rates. A heat, gas, electric light or power, or water franchise, duly approved by the electors, is at all times under the control of the city council, in so far as a reasonable upward or downward revision of the rates is concerned.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

FEBRUARY 16, 1920.

ACTION in equity by plaintiff, on behalf of himself and other gas consumers, to enjoin defendant from putting into

effect and collecting increased rates for gas, under an amend-
ed or new ordinance, contrary to the rates fixed in the or-
dinance granting the franchise in 1902, which franchise
ordinance, the defendant contends, was repealed as to rates
by the new or amended ordinance. There was a demurrer
to the petition, which was sustained; and, plaintiff electing
to stand thereon, the petition was dismissed, and judgment
rendered against plaintiff for costs. Plaintiff appeals.—*Af-
firmed.*

*J. L. Kennedy,* for appellant.

*Jepson & Struble,* for appellee.

PRESTON, J.—We think the questions presented have
been heretofore determined, and we shall, therefore, at-
tempt to avoid repetition of the discussion and reasoning in
prior cases. But two questions are relied upon by appel-
lant: First, that the original ordinance constitutes a bind-
ing contract upon the defendant; and, second, that the new
ordinance amends the old one, and that this could not be
done, because the ordinance was not submitted to a vote of
the electors. Appellee contends, among other things, that,
even though the original franchise ordinance and its ac-
ceptance by defendant do constitute a contract, it may,
nevertheless, be changed by mutual agreement of the par-
ties thereto, the city and the defendant, and that this has
been done by the new ordinance. The first ordinance, No.
F-7011, was passed July 7, 1903, and was to run 25 years,
and was thereafter approved by the voters. It provides,
among other things:

"Section 4. In consideration of the rights and privi-
leges herein granted, the said grantee, and its assigns, agree
to accept this grant subject to the further consideration
that during the life of this franchise the prices, which may
be charged for gas furnished private consumers, shall not

exceed the following amounts: For a time at the rate of $1.20 net per thousand cubic feet; for the next year, $1.15; then $1.10; then $1.05, and after January 1, 1907, $1.00."

It also provides:

"Sec. 7. That within thirty days after the passage of this ordinance, the said grantee shall file with the city clerk, its acceptance of the provisions of this ordinance and of its terms and conditions and said ordinance with said acceptance, when said ordinance shall be approved by said electors at said election, and published as hereinafter provided, shall become and be a binding contract between said city and the grantee and its assigns, and all the franchises now exercised by the grantee shall be merged in the one hereby granted."

In due time, the defendant company accepted the ordinance and all the provisions and conditions therein contained. For nearly 16 years, the defendant operated under said ordinance, charging the rates therein fixed. On March 22, 1919, the city council, at the request of the defendant, passed ordinance No. J-1051, as follows:

"Section 1. That any person, firm or corporation, furnishing, selling and distributing gas to the city of Sioux City, and the inhabitants thereof, shall be entitled to charge and collect not to exceed one dollar and twenty cents per thousand cubic feet therefor, but shall be and are hereby required to deduct ten cents per thousand cubic feet from all bills paid on or before the discount day established by said person, firm or corporation furnishing said gas for the district in which said gas is consumed, and said person, firm or corporation is hereby authorized to establish said districts and discount days therefor, provided, however, that the minimum amount to be paid by any person whose premises are so connected with the gas mains of the person, firm or corporation furnishing said gas as to be served thereby, shall be fifty cents per month per meter.

"Section 2. That all ordinances and resolution and parts

thereof of the city of Sioux City, heretofore passed and adopted, fixing and establishing the rates to be charged for gas furnished to said city and the inhabitants thereof, be and the same are hereby repealed.

"Section 3. This ordinance shall take effect from and after its publication as required by law."

It was duly published, but was not submitted to the voters. No complaint is made that the rates so fixed are unreasonable, considering present war prices.

The demurrer was on the following grounds:

"First. The facts stated in said petition do not entitle plaintiff to the relief demanded.

"Second. Because it appears that the city council of the city of Sioux City, Iowa, on or about March 22, 1919, passed and adopted an ordinance authorizing and empowering this defendant to charge not to exceed $1.20 per thousand cubic feet for gas furnished by it to consumers thereof in the city of Sioux City, Iowa, and repealing all ordinances and resolutions and parts thereof, theretofore passed and adopted, fixing said rates, which said ordinance was thereafter, as shown by plaintiff's petition, duly published, and the same is now in full force and effect, and said petition does not allege nor claim that the defendant herein is seeking to charge any higher rate than that fixed in said ordinance, passed March 22, 1919.

"Third. Because it appears by said petition that Section 4 of Ordinance No. F-7011 was repealed by Ordinance J-1051, and the same is of no force and effect, and the only ordinance in force in the city of Sioux City, Iowa, fixing and establishing rates to be charged for gas furnished the inhabitants of the city of Sioux City is said Ordinance No. J-1051.

"Fourth. Because, by Section 725 of the 1913 Supplement to the Code of the state of Iowa, it is provided that cities, acting by and through their respective councils, shall

have power to regulate and fix the rate for gas furnished to the inhabitants of the respective cities, and that this power shall not be abridged by ordinance, resolution, or contract; and it appears that the city of Sioux City, Iowa, has, by Ordinance No. J-1051, fixed the rates that may be charged by this defendant for gas, being the rates which this defendant, under and by virtue of said ordinance, is now charging.

"Fifth. Because, under the laws of the state of Iowa, and particularly Section 725-of the 1913 Supplement to the Code of Iowa, the power to fix and regulate rates to be charged by this defendant is lodged in city councils, and it is not required that an ordinance fixing said rates shall be submitted to the voters of said city for approval by them, and it further appears that said city council of said city has exercised the powers conferred upon it in passing said ordinance No. J-1051.

"Sixth. Because, until the passage of said ordinance No. J-1051, there had not been a valid exercise of the power to fix rates to be charged for gas by the city council of the city of Sioux City, Iowa.

"Seventh. Because, under the laws of the state of Iowa, no ordinance, resolution, or contract can be passed, adopted, or entered into which will deprive the cities of said state from exercising through their city council, at any time, the powers conferred upon them by said Section 725, and no ordinance, resolution, or contract passed, adopted, or entered into at the time of the granting of the franchise referred to in plaintiff's petition, could deprive the city of Sioux City of the power, through its council, to regulate and fix rates thereafter."

Appellant cites and relies on *Columbus R. P. & L. Co. v. City of Columbus*, 253 Fed. 499; *Muscatine Lighting Co. v. City of Muscatine*, 256 Fed. 929; and a memorandum and decree in another case, not reported. The *Columbus* case

arose under the statutes and law of Ohio, and the decision follows the rule laid down in Ohio, which seems to be contrary to the general rule, and is contrary to our own decisions. There is this further fact in that case, that the company was attempting to raise rates without the consent of the city council.

In the *Muscatine* case, the light company endeavored to change the rate fixed in the ordinance, and charge a higher one, without the exercise by the city of its power to regulate and fix rates, and without the consent of the city. We think the instant case is ruled by *Iowa R. & L. Co. v. Jones Auto Co.*, 182 Iowa 982; *Town of Williams v. Iowa Falls Elec. Co.*, 185 Iowa 493. Appellee also cites *City of Knoxville v. Knoxville Water Co.*, 212 U. S. 1; *Freeport Water Co. v. Freeport City*, 180 U. S. 587; *Wyandotte County Gas Co. v. State of Kansas*, 231 U. S. 622; *State v. Public Serv. Com.*, 270 Mo. 547 (194 S. W. 287); *State v. Public Serv. Com.*, 259 Mo. 704 (168 S. W. 1157); *Sandpoint W. & L. Co. v. City of Sandpoint*, 31 Ida. 498 (173 Pac. 972); *Salt Lake City v. Utah L. & T. Co.*, (Utah) 173 Pac. 556; *State ex rel. City of Sedalia v. Public Serv. Com.*, 275 Mo. 201 (204 S. W. 497); *Denver & S. P. R. Co. v. City of Englewood*, 62 Colo. 229 (161 Pac. 151).

All questions presented in this case are passed upon and decided adversely to appellant's contention in the *Jones* case, supra. It is true that the charges in that case had to do with heat, rather than gas, but the same power is given cities to regulate and fix the rate for gas as for heat. They both appear in the same section. It is true that there is this difference between that case and this. In that case, the ordinance provided that the council might change the rate, but the court said that this adds nothing to the statute.

Code Section 720 has to do with the power to grant certain rights or franchises for a term of years, subject to a vote of the electors. There is no provision in that section

for regulating or fixing rates. Code Section 725 is the statute containing the continuing governmental power of rate-making, with limitations on the abridgment thereof by ordinance or contract.

Without further discussion, we reach the conclusion that the ruling of the trial court was right, and the judgment is, therefore,—*Affirmed.*

LADD, EVANS, and SALINGER, JJ., concur.
WEAVER, C. J., dissents.