299 P.2d 475

The VILLAGE OF LAPWAI, a Municipal Corporation, organized and existing under the Laws of the State of Idaho, Plaintiff-Respondent,

v.

Bert ALLIGIER and Luvica Alligier, husband and wife, Defendants-Appellants.

No. 8367.

Supreme Court of Idaho.

June 27, 1956.

J. H. Felton, William J. Jones, Lewiston, for appellants.

Paul W. Hyatt, Lewiston, W. S. Defenbach, Moscow, for respondent.

TAYLOR, Chief Justice.

In 1912 the plaintiff (respondent), an incorporated village, by ordinance authorized one Thomas D. Barton to construct, maintain and operate a waterworks system within the village, for the period of 25 years. The system was installed and operated by Barton until he sold it to defendants (appellants), husband and wife, in 1931. The defendants have continued the maintenance and operation down to the present time, subject to regulation by the public utility commission. The franchise, or right, granted by the ordinance, expired by its terms December 6, 1937, and was never renewed.

In April, 1951, the village began construction of a waterworks system, which was completed about August 1, 1953. This system is owned and operated by the village and is adequate for the needs of the village and its inhabitants.

In September, 1953, the village by ordinance terminated defendants' right to use its streets and alleys effective April 30, 1954. The ordinance further provided for removal of all pipe and apparatus, belonging to defendants, from the streets, lanes and alleys, by the effective date of termination, and for notice to defendants allowing six months for such removal.

The ordinance not having been complied with, this action was brought to enforce it. Defendants by their answer

allege in effect that the action of the village in constructing and operating its waterworks system; running its lines parallel or in the same area as those of the defendants; supplying water to many of their customers or users; in terminating defendants' rights; and demanding removal of their pipes and apparatus; constitutes a taking of defendants' property for public use without compensation, and pray judgment for the value thereof.

The facts were stipulated. In addition to the facts above stated, it is agreed by the stipulation that no petition was made to the public utilities commission either by the village or its inhabitants for discontinuance of defendants' service; that pipe and apparatus of defendants' system are still in the streets, lanes and alleys of the village, underground "one to two feet and do not interfere, and have not interfered with, the public travel or public use of, the surface of such streets, lanes and alleys."; that the ordinance of September, 1953, and the notice therein provided for were personally served upon the defendant, Bert Alligier, and that he had a reasonable time after such service in which to remove defendants' pipe and apparatus from the streets, lanes and alleys, and that he could have removed same by April 30, 1954, but he has not done so and continues the use thereof.

The court entered judgment enjoining the defendants from further use of the streets, lanes and alleys of the village, or the pipe and apparatus owned by them therein for the distribution of water, and ordered them to forthwith commence and diligently prosecute to conclusion the removal of their property aforesaid. This appeal is from the judgment.

"After the expiration of a water franchise, the company continuing to supply service, an implied contract of indefinite duration arises, terminable upon reasonable notice at such time and under such circumstances as would be consistent with the duty owed to the inhabitants of the city. [Cases cited.]" Village of Lapwai v. Alligier, 69 Idaho 397, at page 402, 207 P.2d 1025, at page 1027.

"A utility company has the same rights it had under its franchise, except that it may be compelled to discontinue using the public streets after the expiration of reasonable notice so to do." Abbott v. Iowa City, 224 Iowa 698, 277 N.W. 437, 439; In re Madison Rys. Co., 7 Cir., 102 F.2d 178; Annotation 112 A.L.R. 625.

It being stipulated that the system constructed by the village is adequate to serve all the needs of the village and its inhabitants, and that the notice allows reasonable time for removal, and defendants, knowing of the construction of the new system during a period of three years, and of the

transfer of many of their customers or users to the new system, and knowing that they were continuing to operate under an implied contractual relationship, terminable by either party upon reasonable notice, we must hold that the village did not violate any property or contractual right vested in the defendants. Sandpoint Water & Light Co. v. City of Sandpoint, 31 Idaho 498, 173 P. 972, L.R.A.1918F, 1106; Yellow Cab Taxi Service v. City of Twin Falls, 68 Idaho 145, 190 P.2d 681; Boise City v. Sinsel, 72 Idaho 329, 241 P.2d 173; State ex rel. St. Louis Underground Service Co. v. Murphy, 134 Mo. 548, 31 S.W. 784, 34 S.W. 51, 35 S.W. 1132, 34 L.R.A. 369; State, on Inf. of McKittrick ex rel. City of California v. Missouri Utilities Co., 339 Mo. 385, 96 S.W.2d 607, 106 A.L.R. 1169; Incorporated Town of Hempstead v. Gulf States Utilities Co., 146 Tex. 250, 206 S.W.2d 227; 12 McQuillin 3rd, § 34.15, p. 67.

An incorporated village has authority to construct, maintain and operate its own waterworks system. § 50–3401, I.C., repealed 1951; § 50–2815(a, c), I.C., enacted 1951, Chap. 47, Section 4(a, c).

Appellants make the further contention that, since they are and have been operating as a public utility, subject to control and regulation by the public utilities commission, their right to so operate could not be terminated by the village without the approval of the commission. The legislature has conferred upon the cities and villages of this state complete control of their streets and alleys, subject to certain limitations not applicable here. With that control the legislature has imposed the duty of keeping the streets and alleys "open and in repair and free from nuisances" or obstructions and in a reasonably safe condition for use by the public in the usual modes. § 50–1141, I.C.; Carson v. City of Genesee, 9 Idaho 244, 74 P. 862, 108 Am. St.Rep. 127; Moreton v. Village of St. Anthony, 9 Idaho 532, 75 P. 262; Village of Sandpoint v. Doyle, 11 Idaho 642, 83 P. 598; 4 L.R.A.,N.S., 810; Powers v. Boise City, 22 Idaho 286, 125 P. 194; Baillie v. City of Wallace, 24 Idaho 706, 135 P. 850; Boise Development Co., Ltd., v. Boise City, 30 Idaho 675, 167 P. 1032; Splinter v. City of Nampa, 70 Idaho 287, 215 P.2d 999, 17 A.L.R.2d 665; Boise City v. Sinsel, 72 Idaho 329, 241 P.2d 173.

In the exercise of its powers and duties with respect to its streets and alleys, the municipality acts as agent of the state. In discharging a mandatory duty imposed by the state, the municipality performs a governmental function. Boise Development Co., Ltd., v. Boise City, 30 Idaho 675, at page 688, 167 P. 1032; Youmans v. Thornton, 31 Idaho 10, 13, 168 P. 1141; Crane v. City of Harrison, 40 Idaho 229, 235, 232 P. 578, 38 A.L.R. 15; within the police power conferred by the state. Sandpoint Water & Light Co., Ltd., v. City of

Sandpoint, 31 Idaho 498, 173 P. 972, L.R.A. 1918F, 1106; Yellow Cab Taxi Service v. City of Twin Falls, 68 Idaho 145, 190 P.2d 681. These powers and duties are subject to enlargement, modification or withdrawal by the state at any time. Sandpoint Water & Light Co. v. City of Sandpoint, supra; Boise City v. Idaho Power Co., 37 Idaho 798, 220 P. 483.

The public utilities commission was created by act of the legislature in 1913. 1913, S.L. Chap. 61. By that act such powers as municipalities may have had to control and regulate public utilities was withdrawn and transferred to the commission. However, the act does not contain any provision diminishing or transferring any of the powers and duties of the municipality to control and maintain its streets and alleys. Moreover, the legislature, in providing for the use of streets and alleys by utilities, expressly required the consent of the municipal authorities, and authorized the municipal authorities to impose reasonable regulations upon such use. § 40–305, I.C. Thus, the legislature recognizing the duty it imposes upon the municipality to control and maintain its streets and alleys, has preserved to the municipality the power to deny their use to a utility, or to impose reasonable regulations thereon, when necessary to the use of such streets and alleys by the public in the usual manner. State ex inf. Shartel ex rel. City of Sikeston v. Missouri Utilities Co., 331 Mo. 337, 53 S.W.2d 394, 89 A.L.R. 607.

While it may have been necessary for appellants to procure the consent of the public utilities commission to discontinue, it does not follow that the village could not withdraw its consent and require discontinuance of the use of its streets without the consent of the commission. Its control of streets having been continued undiminished after the creation of the public utilities commission, and the legislature having expressly bestowed power to construct, maintain and operate its own waterworks system, and by the 1917 amendment having withdrawn municipally owned and operated utilities from the jurisdiction of the commission § 61–104, I.C., S.L. 1917, Ch. 128, § 1, subd. c, we conclude that the village was not required to procure the consent of the commission as a condition to discontinuance of appellants' service and their ouster from its streets and alleys. Wilson v. Weber, 101 Kan. 425, 166 P. 512; Incorporated Town of Pittsburg v. Cochrane, 195 Okl. 593, 159 P.2d 534; City of Geneseo v. Illinois Northern Utilities Co., 378 Ill. 506, 39 N.E.2d 26.

Appellants further urge that the granting of a franchise is not within the power of a village—citing § 50–707, I.C. It would seem that appellants and their predecessors, having accepted the benefits of the purported franchise, and having act-

**130**

ed under its authority during the entire life of that instrument; and the same being now wholly executed, appellants are in no position to urge that it was ultra vires. Hatch v. Consumers Co., Ltd., 17 Idaho 204, 104 P. 670, 40 L.R.A.,N.S., 263; 12 McQuillin 3rd, § 34.87. Certainly, under § 40–305, I.C., the village had power to give its consent and impose reasonable regulations for the use of its streets and alleys. Whether an ordinance passed for that purpose would constitute a franchise or a mere license could avail the appellants nothing in these proceedings. If originally it constituted only a license, its implied extension arising after the expiration of the original term is only a license, and would be terminable by the village as though it were an expired franchise. Keyser v. Boise City, 30 Idaho 440, 165 P. 1121, L.R.A.1917F, 1004; Yellow Cab Taxi Service v. City of Twin Falls, 68 Idaho 145, 190 P.2d 681; Boise City v. Sinsel, 72 Idaho 329, 241 P.2d 173; Incorporated Town of Hempstead v. Gulf States Utilities Co., 146 Tex. 250, 206 S.W. 2d 227; 12 McQuillin 3rd, § 34.05, p. 19.

The power of the village to require the removal of any nuisance or obstruction, which in any way interferes with the use of its streets and alleys in the usual manner, cannot be questioned. However, since it is stipulated in this case that appellants' pipes lying beneath the surface do not interfere with the usual use of the surface of the streets and alleys, the portion of the judgment requiring appellants to forthwith commence and diligently prosecute their removal should be modified to allow appellants to remove them or not at their option and allow them ninety days from the entry of judgment upon the remittitur herein, to complete the removal if they elect to do so.

In all other respects the judgment is affirmed and the cause is remanded with directions to the district court to make the modification herein directed.

Costs to respondent.

KEETON, ANDERSON and SMITH, JJ., and BAKER, District Judge, concur.